**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE:<br><br>**CURTIS A BOOKER** | **CHAPTER 13**<br><br>**CASE NO.  16-01150-JDP** |

### TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Although the Debtor indicates that he is married on his Statement of Financial Affairs, he has filed a 2015 tax return indicating that he is single. Trustee will need documentation as to whether this Debtor is married or divorced. The Debtor also testified that he has been divorced from Kinsley Booker for nine years. Trustee has requested a complete copy of the Debtor's divorce judgment.
2. It is unclear why the Debtor has provided bank statements from a Wells Fargo account owned jointly by himself and Kinsley Booker is he has been divorced for nine years and indicates that he is not living with anyone.
3. Debtor's plan provides for priority claims of $6,014 and secured claims from the IRS totaling $6,119. The IRS has filed a priority claim for $9,677 and no secured claim. The entire amount of the priority claim of the IRS is slightly less than the amount provided for in the plan and this can be resolved in an order of confirmation.
4. Debtor has been at his current job for less than a year. Debtor will need to file an amended Schedule I if he has a change in income, gets married, or has a roommate.

5. Debtor's transportation related expenses of $320 per month and housing expenses of $875 per month exceed IRS allowances which are $236 and $730 respectively for a single Debtor. As a result the Debtor's plan does not meet the disposable income requirement of his Form 22C, which is $484 per month or $29,040. Debtor's plan is underfunded approximately $9,000. The Debtor will need to find less expensive housing once his lease expires in order to propose a plan that meets the disposable income requirement.
6. Trustee received an incomplete copy of the Debtor's bank statements from August 6 through September 8, 2016 and has requested page 5 of the same.
7. In the event that Curtis Booker contends that Kinsley Booker does not reside with him, Trustee will need proof that she resides elsewhere due to the joint bank accounts provided with only the Debtor's address listed.

DATED: November 11, 2016

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 11, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

KELLY I BEEMAN
Attorney at Law
kelly@beemanlaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

CURTIS A BOOKER
1509 W. COLORADO COURT
NAMPA, ID 83686

    /s/  Matthew Mallard
**Matthew Mallard, Case Administrator**